**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 23-133-DLB-CJS**

**RUSSELL RICHARDSON, et al.** **PLAINTIFFS**

**v.** **<u>MEMORANDUM OPINION AND ORDER</u>**

**EAN HOLDINGS, LLC, et al.** **DEFENDANTS**

* * * * * * * * * * * * * * * *

This matter is before the Court upon Defendant EAN Holdings, LLC d/b/a Enterprise Rent-A-Car ("EAN")'s Motion for Judgment on the Pleadings. (Doc. #18). Plaintiffs Alicia Wyatt ("Alicia") and Russell Richardson ("Russell") (collectively "the Plaintiffs") filed their Response (Doc. # 19) in which they moved for Leave to Amend their Complaint (*see id.* at 6-8), EAN filed its Reply (Doc. # 22), and this matter is now ripe for review. For the reasons set forth herein, EAN's Motion for Judgment on the Pleadings is **granted** and the Plaintiffs' Motion for Leave to Amend their Complaint is **denied**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an automobile accident which took place on September 27, 2022. (Doc. # 1-3 ¶ 7). On that day, Jerry Collins, Jr. ("Collins") was driving a sedan, which he had rented from EAN, on Licking Pike in Wilder, Kentucky, and Alex Richardson ("Alex") was driving in the opposite direction with Alicia riding in the passenger seat. (*Id.* ¶¶ 5-7). The truck Alex was driving was owned by his father Russell and was used by Russell as his business vehicle. (*Id.* ¶¶ 6, 8). The Complaint alleges that Collins "was driving his vehicle on the wrong side of the road, having crossed the center line to perform

a passing maneuver around another vehicle." (*Id.* ¶ 15). The Complaint further alleges that Collins' attempted passing maneuver caused him to fail "to give the proper right of way to [Alex's] vehicle which resulted in the sideswipe collision thereby causing his death." (*Id.* ¶ 16). Russell's damages came in the form of a totaled truck and lost use of his truck for business purposes. (*Id.* ¶¶ 9, 25). The Complaint also alleges that Alicia suffered "serious and permanent injuries" because of the collision. (*Id.* ¶ 21).

On June 8, 2023, the Plaintiffs filed suit in Campbell County Circuit Court against EAN and the Estate of Jerry Collins, Jr. ("Collins's Estate") where they asserted claims for negligence and negligence per se against both EAN and Collins's Estate.[1] On October 2, 2023, Defendant EAN removed the action to this Court. (Doc. # 1). On December 20, 2023, Plaintiffs notified this Court that no estate was opened for Collins and that it was unlikely that an estate would be opened for Collins due to his lack of assets. (Doc. # 7). On May 28, 2024, upon Plaintiffs' motion, Collins's Estate was dismissed from this action without prejudice, leaving EAN as the only remaining Defendant. (Doc. # 17). On July 8, 2024, EAN filed the instant Motion for Judgment on the Pleadings to resolve the remaining negligence and negligence per se claims against EAN. (Doc. #18).

## II. ANALYSIS

### A. Motion for Judgment on the Pleadings

#### *1. Standard of Review*

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon

[1] The Complaint names EAN and "Enterprise Car Rental" as defendants. (Doc. # 1-1). However, in their Answer, EAN makes clear that Enterprise Rent-A-Car is an assumed name for EAN. (Doc. # 2, n. 1). EAN and Enterprise Rent-A-Car are one single entity. (*Id.*).

which relief may be granted. *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011); *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). As the Supreme Court explained, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quotations omitted). The claimant must put forward enough facts that the court could reasonably infer "that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion for judgment on the pleadings, the court must accept "all well-pleaded material allegations of the pleadings" from the non-moving party as true. *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). However, as with a 12(b)(6) motion, this assumption of truth does not extend to "legal conclusions or unwarranted factual inferences." *JPMorgan*, 510 F.3d at 581-82 (citation and internal quotation marks omitted). The court may grant a Rule 12(c) motion "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582. Courts may consider exhibits attached to the complaint without converting a 12(c) motion into a motion for summary judgment, as well as "public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion

. . . so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Additionally, federal courts apply the substantive law of the forum state in diversity actions. *See City of Wyanotte v. Consol. Rail Corp.*, 262 F.3d 581, 585 (6th Cir. 2001) (citing *Hanover Ins. Co. v. Am. Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994)). Accordingly, Kentucky substantive law will apply to Plaintiffs' claims for negligence and negligence per se.

### *2. Kentucky is not a Direct Action State*

In their Complaint, the Plaintiffs assert that EAN "refuse[s] to accept a claim for damages" despite the fact that EAN has "auto coverage for this accident." (Doc. # 1-3 ¶ 24). In their Motion, EAN construes the Plaintiffs' statement as a claim against EAN in EAN's role as an insurer.[2] (Doc. # 18 at 8). EAN argues that "[t]o the extent the [P]laintiffs are asserting a claim against EAN for 'auto coverage,' that claim must be dismissed because Kentucky bars direct actions by third parties." (*Id.*). "Contrary to direct action jurisdictions, in Kentucky 'an injured person cannot sue the insurance company in his original action against the insured.'" *Ford v. Ratliff*, 183 S.W.3d 199, 203 (Ky. Ct. App. 2006) (quoting *Cuppy v. Gen. Accident Fire & Life Assurance Corp.*, 378 S.W.2d 629, 632 (Ky. 1964)). The general rule in Kentucky is that "a complainant must first establish liability before seeking indemnity from an insurer in an action based on the insured's negligence." *Pryor v. Colony*, 414 S.W.3d 424, 432-33 (Ky. Ct. App. 2013) (citing *N.Y. Indem. Co. v. Ewen*, 298 S.W.2d 182, 185 (Ky. 1927)).

---

[2] In an exhibit attached to their Motion, EAN points out that they do not carry insurance, but are instead a self-insured entity in good standing with the Kentucky Department of Insurance. (Doc. # 18-2).

Plaintiffs have not challenged or addressed this argument in their Response except to reallege that "the leasing agency is self-insured and has coverage for this accident." (Doc. # 19 at 3). Plaintiffs cannot maintain a direct action against EAN for Collins's negligence without first obtaining a judgment that Collins was negligent. Due to the fact that Collins's Estate is no longer a party to this action, Plaintiffs will not be able to obtain the requisite judgment to maintain an action against Collins's alleged insurer. (Doc. # 17). Therefore, to the extent that Plaintiffs' Complaint seeks to assert a claim against EAN in their capacity as an insurer, that claim must be **dismissed**.

***3. The Graves Amendment Disposes of the Plaintiffs Negligence and Negligence Per Se Claims, and the Plaintiffs Have not Adequately Pled Negligent Entrustment***

The Plaintiffs have asserted negligence and negligence per se claims against EAN. (*See* Doc. # 1-3 ¶¶ 26-34). To the extent that the Plaintiffs seek to recover from EAN by virtue of EAN's ownership of the car that Collins was driving, EAN argues that the Plaintiffs' state law claims are preempted by 49 U.S.C. § 30106, also known as the "Graves Amendment." (*See* Doc. # 18 at 6-8).[3] The Graves Amendment provides that:

> (a) In general.--An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—

3 In the alternative, EAN also argues that "[u]nder Kentucky law, mere ownership of a motor vehicle is not enough to impose liability on the owner for an accident brought about by the negligence of one operating the car with the owner's consent." (Doc. # 18 at 5) (citing *Farmer v. Stidham*, 439 S.W.2d 71, 72 (Ky. 1969)). According to EAN, the rule barring liability by virtue of mere ownership also applies to owners of rental vehicles. (*Id.*) (citing *Reeves v. Wright & Taylor*, 220 S.W.2d 1007 (Ky. 1949)). The Court need not address this argument because the Court agrees with EAN that the Graves Amendment bars recovery against EAN unless it can be shown that EAN was itself negligent.

> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

§ 30106(a). In other words, the Graves Amendment does not allow a rental company to be liable for the torts of its renters merely because the company rents a car to a driver who later causes an accident through his negligence. *Id.* Further, the Court agrees with EAN that the words "shall not be liable under the law of any State or political subdivision" were meant to preempt state or local laws which might hold otherwise. *Id.; see also Scroggs v. Robertson*, No. 09-207-GFVT, 2011 WL 13318242, at *2 (E.D. Ky. June 6, 2011) (holding that the Graves Amendment precluded a rental company's liability because the plaintiff's claim did not allege that the truck owner was itself negligent). The Plaintiffs do not dispute that the Graves Amendment, if applicable, precludes their action against EAN in the absence of negligence on EAN's part. (*See* Doc. # 19).

The Plaintiffs argue that the Graves Amendment does not apply here because the Defendants "have not yet been cleared of any negligence." (*Id.* at 1). To determine if the Graves Amendment applies, the issue is whether the Complaint alleges that EAN was negligent. With respect to EAN, the only negligence alleged in the Complaint is that EAN "knew or should have known that by allowing [Collins] to lease a vehicle from them placed other pedestrians and other vehicles at [sic] danger." (Doc. # 1-3 ¶ 22). EAN read this language as a possible claim for negligent entrustment under Kentucky law and argues that the Plaintiffs have failed to adequately plead negligent entrustment. (Doc. # 18 at 9).

Before addressing the contents of the Complaint, the Court will first address the Plaintiffs' argument that it would be premature for the Court to grant EAN's motion

because the Plaintiffs need more time to do discovery. (Doc. # 19 at 6). This argument is unpersuasive. When evaluating a motion for judgment on the pleadings, a court may only consider the allegations in the Complaint. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). And courts do not consider facts that may or may not come to light through the discovery process which are not alleged in the complaint. *Id.* (collecting cases) (emphasis added) ("[A] court evaluating a motion for judgment on the pleadings (or a motion to dismiss) must focus *only* on the allegations in the pleadings."). If the Plaintiffs feel that their Complaint lacks sufficient facts to survive a motion for judgment on the pleadings, then the remedy is a proper motion to amend their Complaint under Rule 15.[4] *Id.* Having addressed the Plaintiffs' argument that more discovery is required, the Court will now turn to whether the Complaint states a claim for negligent entrustment.

Under Kentucky law, "[t]he common law theory of negligent entrustment is that one who entrusts her vehicle to another whom she knows to be inexperienced, careless, or reckless, or given to excessive use of intoxicating liquor while driving, is liable for the natural and probable consequences of the entrustment." *Cox. v. Waits*, Nos. 2002-CA-002357-MR, 2002-CA-002418-MR, 2004 WL 405811 at *2 (Ky. Ct. App. 2004) (citing *Owensboro Undertaking & Livery Ass'n v. Henderson*, 115 S.W.2d 563 (Ky. 1938) and *Brady v. B. & B. Ice Co.*, 45 S.W.2d 1051 (Ky. 1932)). To have successfully pled that

---

4 In a similar vein, Plaintiffs allege in their Response that Collins had an "easily ascertainable criminal history of drug usage . . ." and that EAN failed to take appropriate action when Collins failed to return the rental vehicle when he was required to under the rental agreement. (Doc. # 19 at 2). These allegations are not in the Complaint and therefore this Court need not take them into account when evaluating EAN's Motion for Judgment on the Pleadings. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 484 (6th Cir. 2020) (holding that it was proper for the district court to disregard new evidence where there was no motion to amend the original complaint).

EAN negligently entrusted a vehicle to Collins, the Plaintiffs must have alleged in the Complaint both that Collins was an incompetent driver and that EAN knew this when Collins rented the car. The Plaintiffs have failed to adequately plead these elements.

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). However, "Plaintiffs' obligation to provide the 'grounds' for their claimed entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The only allegation in the Complaint of incompetence or knowledge was the conclusory statement that EAN "knew or should have known that by allowing [Collins] to lease a vehicle from them placed other pedestrians" in danger. (Doc. # 1-3 ¶ 22). That conclusory statement is not enough, and is precisely the kind of "formulaic recitation of the elements" that fails to satisfy the federal pleading standards. *Rondigo, LLC*, 641 F.3d at 680 (quoting *Twombly*, 550 U.S. at 555).

To the extent that the Plaintiffs assert that EAN was negligent under a theory of negligent entrustment, the Plaintiffs have failed to allege sufficient facts in the Complaint to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As shown above, the Plaintiffs are precluded by the Graves Amendment from holding EAN liable for Collins's negligence merely because EAN rented the car to Collins. 49 U.S.C.

§ 30106(a). Therefore, this Court concludes the Plaintiffs have failed to state a claim for negligence or negligence per se.

**B. Plaintiffs' Motion to Amend their Complaint**

In their Response, Plaintiffs requested that this Court grant them leave to amend their Complaint. (Doc. # 19 at 6). "The court should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, despite the relatively liberal requirements of Rule 15, this Court will not grant the Plaintiffs' request. The Plaintiffs have not attached a copy of the proposed amended complaint to their motion, nor have they supplemented the record with one. The Plaintiffs' failure to attach a copy of the proposed amended complaint warrants a denial of their Motion. *Kuyat v. BioMietic Therapeutics Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (quoting *Shillman v. United States*, 221 F.3d 133, 2000 WL 923761, at *6 (6th Cir. 2000) (unpublished table decision)) ("Normally, a party seeking an amendment should attach a copy of the amended complaint."); *see also Myers v. Ashland*, No. 22-34-DLB, 2022 WL 17573141 at *5 (E.D. Ky. Dec. 9, 2022) (citing *Kuyat*, 747 F.3d at 414) ("failure to tender a proposed amended or supplemental complaint warrants denial of [the plaintiff's] motion[]").

Even if the Plaintiffs had filed a copy of their proposed amended complaint, this Court would still deny their Motion for Leave to Amend. "Although [Rule 15] encourages courts to give leave to amend 'when justice so requires,' courts need not give leave to amend when doing so would be futile." *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (internal citation omitted) (quoting Fed. R. Civ. P. 15(a)(2)) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). "Amending would be futile if a proposed amendment would not survive a motion to dismiss." *SFS*

*Check, LLC*, 774 F.3d at 755 (citing *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

Here, it would be futile for the Plaintiffs to amend their Complaint. The only new facts actually alleged in the Plaintiffs' Response are that "the Defendants leased a rental car to a man with an easily ascertainable criminal history of drug usage," and that EAN did nothing when "the [rental] car was not returned [to EAN] as agreed upon." (Doc. # 19 at 2). According to Plaintiffs' the alleged fact that Collins had an "easily ascertainable" history of drug use is relevant to the Plaintiffs' claims because the Plaintiffs assert that "[t]he Defendant [has] a duty to investigate individuals not only that they lease their vehicles to but also have additional duties when said vehicles are not returned as they were contracted to do by the 'renter.'" (*Id.*). The Plaintiffs have cited no caselaw to support their claim that rental companies have a duty to investigate the backgrounds of their renters (*See* Doc. # 19). To the contrary, there is some indication that negligent entrustment under Kentucky law requires actual knowledge and does not impose a duty to investigate on the vehicle's owner. *Cox*, 2004 WL 405 811 at *2 (citing *Henderson*, 115 S.W.2d 563 and *Brady*, 45 S.W.2d 1051) (emphasis added) ("[t]he common law theory of negligent entrustment is that one who entrusts her vehicle to another whom she *knows* to be inexperienced, careless, or reckless, or given to excessive use of intoxicating liquor while driving…"); *see also Zeter v. Griffith Aviation, Inc.*, No. 6:03-218-DCR, 2006 WL 117678 (E.D. Ky. Apr. 25, 2006) (discussing *McGrew v. Stone*, 998 S.W. 2d 5, 9 (1999)) (speculating that *McGrew* suggests that owners do not have a duty to investigate because Kentucky law "requires that only actual knowledge will convey liability on the owner of the vehicle[]" under a theory of negligent entrustment). Likewise, the Plaintiffs

have not cited any caselaw, nor is the Court aware of any, which supports the theory that a rental company must act when a rental vehicle is not returned in accordance with the terms of the rental agreement. (*See* Doc. # 19). For these reasons, the Plaintiffs' proposed amended complaint would not survive a motion to dismiss; therefore, amending their Complaint would be futile. *SFS Check, LLC*, 774 F.3d at 755 (citing *Riverview Health Inst., LLC*, 601 F.3d at 512). Because the Plaintiffs have failed to attach a copy of their proposed amended complaint, and because their Motion to Amend would be futile, Plaintiffs' Motion for Leave to Amend is **denied**.

## III. CONCLUSION

Thus, for the reasons articulated herein, **IT IS ORDERED** that:

(1) Defendant's Motion for Judgment on the Pleadings (Doc. # 18) is **GRANTED;**

(2) Plaintiffs' Motion for Leave to Amend their Complaint (Doc. # 19) is **OVERRULED**;

(3) This matter is **STRICKEN** from the Court's active docket; and

(4) A **JUDGMENT** in favor of Defendant will be entered contemporaneously herewith.

This 10th day of October 2024.




**Signed By:**
***David L. Bunning*** DB
**United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Cov2023\23-133 MOO Granting DE 18.Docx